IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:03CV73

| | |
|---|---|
| JOHN PETER BRADLEY, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>GARY RAMSEY, an individual; THE )<br>TOWN OF WOODFIN, NORTH )<br>CAROLINA; HOMER HONEYCUTT, )<br>an individual; LEONARD CLARK, an )<br>individual; DAVID CLARK, an )<br>individual; GENEVA MANEY, an )<br>individual; DONALD HONEYCUTT, )<br>JR., an individual; WANDA HAYNES, )<br>an individual; and JOSEPH FERIKES, )<br>an individual, )<br>)<br>Defendants. )<br>) | **O R D E R** |

**THIS MATTER** is before the Court on motion of the Defendants Town of Woodfin, Homer Honeycutt, Leonard Clark, David Clark, Geneva Maney, Donald Honeycutt, Jr., and Wanda Haynes ("the Woodfin Defendants") to stay proceedings pending an appeal of the denial of qualified and sovereign immunity. For the reasons stated herein, the Woodfin Defendants' motion is denied and the matter will proceed to trial as scheduled on May 9, 2005.

This case has been pending since May 2002 and has been before this Court following a transfer from the Eastern District of North Carolina for over two years. It is currently scheduled for trial on May 9, 2005. The parties have been aware of this trial date for some period of time and prospective jurors have been contacted to appear. The Court notes that the Woodfin

Defendants' counsel made no mention of the possibility or probability of an appeal on these issues at the pretrial conference held on Friday, April 29, 2005, in the undersigned's chambers, which took place two weeks after the Court's April 15, 2005, Memorandum and Order was entered, and just three days before the notice of appeal was filed on May 2, 2005. The Woodfin Defendants could have brought the possibility of an appeal to the Court's attention at the pretrial conference, after which the Court could have made necessary plans to proceed with other Court matters equally deserving of the Court's time and attention.

Furthermore, the Court finds the Woodfin Defendants' grounds for an appeal to be completely without merit. The Court recognizes that a denial of qualified immunity[1] or sovereign immunity is immediately appealable under the collateral order doctrine. ***Washington v. Wilmore***, \_\_\_\_ F.3d \_\_\_\_, 2005 WL 977009, * 6-7 (4th Cir. 2005) (qualified immunity); ***Stewart v. North Carolina***, 393 F.3d 484, 487 (4th Cir. 2005). Further, the filing of a notice of appeal on these issues generally confers jurisdiction to the appellate court and removes jurisdiction from the district court. ***See, Apostol v. Gallion***, 870 F.2d 1335, 1337 (7th Cir. 1989). However, where an appealed claim of immunity is totally without merit, the district court is not divested of jurisdiction over the issue. ***Id.***; ***Chuman v. Wright***, 960 F.2d 104, 105 (9th Cir. 1992); ***Root v. Liberty Emergency Physicians, Inc.***, 68 F.Supp.2d 1086, 1089 (W.D. Mo. 1999)). The district court need only certify such a finding to retain jurisdiction over the issue.

The Woodfin Defendants' brief in support of a stay is considerably lacking in support of the arguments regarding the merits of claims to be raised on appeal. Regardless, the Court is

---

[1] Appellate jurisdiction only extends to denials of immunity resting on a question of law, and not to questions of evidence sufficiency. ***Washington v. Wilmore***, \_\_\_\_ F.3d \_\_\_\_, 2005 WL 977009, * 6-7 (4th Cir. 2005).

convinced, as it was in its April 15, 2005, Memorandum and Order, that the Woodfin Defendants' arguments that they are entitled to qualified and sovereign immunity are meritless. As to the issue of qualified immunity, the general rule is that a public official is not entitled to qualified immunity where his actions violate a clearly established law of which a reasonable person would have known. *Waterman v. Batton*, 393 F.3d 471, 476 (4th Cir. 2005). In the case at bar, the Court found that there was a triable issue of fact as to whether the Plaintiff was fired, in violation of his First Amendment Rights, for his public comments regarding the alleged unethical and illegal conduct by Mayor Honeycutt to both a local newspaper, and to the North Carolina Police Benevolence Association. Under Fourth Circuit precedent, this was clearly established law of which it was reasonable for the Woodfin Defendants to be aware. **See *Cromer v. Brown*, 88 F.3d 1315, 1318 (4th Cir. 1996) (finding that the plaintiff, a deputy sheriff, had a clearly established right to speak out publically against the alleged illegal discriminatory conduct of the town sheriff, including participation in the drafting of a letter from an Association of black deputies to the Sheriff); *Lilienthal v. City of Suffolk*, 275 F.Supp.2d 684, 694 (E.D. Va. 2003) (finding it was a violation of a clearly established right of which a reasonable person would have known, to condition continued employment on the cessation of public comments regarding fire fighter's views of department safety issues of which the department chief disagreed).** The Court finds that any argument to the contrary is meritless.[2]

---

[2] Because appellate jurisdiction only extends to denials of qualified immunity grounded in issues of law, the Court does not address the arguments put forth by the Woodfin Defendants in their motion for summary judgment that the Plaintiff's comments were made with a reckless disregard for the truth, or that there lacked a causal relationship between the Plaintiff's speech and the deprivation. ***See, Washington, supra.*** These issues involve the sufficiency of the evidence and, therefore, are not subject to appeal at this time. ***Id.*** Furthermore, the Woodfin Defendants' argument that the suspension of the Plaintiff by the Sheriff and his ultimate termination by the

The Court also find the Defendants' argument as to the Town of Woodfin's entitlement to sovereign immunity is meritless. Contrary to the Woodfin Defendants' assertion, the North Carolina Court of Appeals has held that a plaintiff need not specifically include the word "waiver" in his complaint in order to sufficiently allege a waiver of sovereign immunity. ***Anderson By and Through Jerome v. Town of Andrews*, 127 N.C.App. 599, 602-03, 492 S.E.2d 385, 387-88 (1997).** The Court held that an allegation that the defendant had purchased liability insurance was sufficient to put the opposing party on notice and properly allege such a waiver. *Id.* Given the clarity of this decision, any argument to the contrary by the Woodfin Defendants is completely without merit.

The parties are reminded that the trial will proceed on May 9, 2005, at 9:00 a.m., at the United States Courthouse, 100 Otis Street, Asheville, North Carolina, absent any order otherwise from the Fourth Circuit Court of Appeals.

**IT IS, THEREFORE, ORDERED** that the Woodfin Defendants' motion for a stay pending appeal is **DENIED**.

**Signed: May 3, 2005**

Lacy H. Thornburg
United States District Judge

---

Town Aldermen do not constitute a deprivation of a valuable benefit is totally without merit. ***Echtenkamp v. Loudon County Pub. Sch.*, 263 F.Supp.2d 1043, 1059 (E.D. Va. 2003) (*citing* *Edwards v. City of Goldsboro*, 178 F.3d 231, 246 (4th Cir.1999)) (finding that action against an employee which would operate to chill an individual's exercise of his rights under the First Amendment satisfies this requirement)**.